UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States, | No. 2:19-cr-00125-KJM |
| Plaintiff, | ORDER |
| v. | |
| Dawniel Santangelo, | |
| Defendant. | |

The government moves *in limine* to preclude the defense from presenting a duress defense at trial.  Mot., ECF No. 84.  The defense opposes.  Opp'n, ECF No. 89.  The government filed a reply to defense's opposition, Reply, ECF No. 91, and the court heard oral argument on the motion on July 19, 2021.  Hr'g Min. (July 19, 2021), ECF No. 94.  For the reasons stated below, the court **denies** the government motion**.**

**I.    BACKGROUND**

In June 2021, a grand jury charged defendant Dawniel Santangelo with conspiracy to engage in sex trafficking of a child, three counts of sex trafficking of a child, and transportation of a minor with intent to engage in criminal sexual activity.  Superseding Indictment at 6, ECF No. 78.  The case will go to trial on all five counts in the coming week.

The government moves *in limine* to preclude Santangelo from presenting a duress defense absent an offer of proof that she can meet each element of the defense.  Mot. at 1.  In its motion,

1   the government paints Santangelo as a savvy partner in a "mobile pimping operation" who

2   assisted her co-defendant, Lucious Roy, in recruiting, harboring, and grooming children to engage

3   in prostitution. *Id.* at 2–3. The government argues Santangelo did not act out of duress and no

4   evidence can prove otherwise. *Id.* at 3, 5.

5        In response to the government's motion *in limine*, the defense argues the evidence will

6   prove Santangelo acted under duress and was subject to Roy's constant emotional manipulation

7   and physical threats. *See generally* Opp'n. The defense brief provides a narrative of

8   Santangelo's purported abusive relationship with Roy and violent family upbringing, without

9   explaining what evidence supports this story. The defense also signals it will rely on testimony

10   elicited from a government expert, Special Agent James Hardie, who has testified in other cases

11   about the psychological manipulation and violence pimps like Roy use to control prostitutes.

12   Opp'n at 3–6.

13        At hearing on July 19, 2021, in response to the court's questions, defense counsel clarified

14   that Santangelo will testify during trial in her own defense, providing the information offered in

15   her opposition brief under oath. Upon hearing this clarification, the government maintained that

16   even with Santangelo's testimony, as argued in its reply, the information contained in her proffer

17   does not show that Roy's threats caused her to complete the criminal conduct charged here, and

18   the defense has not demonstrated that Santangelo had no reasonable chance to escape as required

19   to establish one element of a duress defense. Reply at 2.

20  **II.   LEGAL STANDARD**

21        Duress is a common-law defense that allows a jury to find a defendant's conduct excused

22   "even though the government has carried its burden of proof." *United States v. Kuok*, 671 F.3d

23   931, 947 (9th Cir. 2012). In order to establish the defense, a defendant must prove three elements

24   by a preponderance of the evidence: "(1) [s]he was under an immediate threat of death or serious

25   bodily injury, (2) [s]he had a well grounded fear that the threat would be carried out, and (3) [s]he

26   had no reasonable opportunity to escape." *United States v. Lopez*, 913 F.3d 807, 813 (9th Cir.

27   2019) (citing *Kuok*, 671 F.3d at 947).

28   /////

1    In order to present a duress defense to a jury, the defendant must make "a prima facie

2  showing of duress in a pre-trial offer of proof." *United States v. Carpenter*, 923 F.3d 1172, 1177

3  (9th Cir. 2019) (citing *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008)).

4  "Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a

5  matter of law." *Kuok*, 671 F.3d at 947 (*citing United States v. Contento–Pachon*, 723 F.2d 691,

6  693 (9th Cir. 1984)).  When a court considers a defense "as a matter of law . . . [she] must accept

7  [the defendant's] proffer as true in its entirety."  *Id.*  Defendants may rely on their attorneys'

8  characterizations of how they will testify at trial to establish a prima facie case of duress.  *See*

9  *Kuok*, 671 F.3d at 935–36, 947–49 & n.9 (holding the "duress defense should have been sent to

10  the jury" based on defense counsel's representations of defendant's testimony in opening

11  statement and opposition to the government's motion *in limine*).

## III.   ANALYSIS

13    The court considers counsel's proffer of Santangelo's expected testimony and turns to the

14  elements of a duress defense to determine whether the proffer establishes a prima facie case.

15  First, a defendant must prove she acted under "an immediate threat of death or serious bodily

16  injury."  *Vasquez-Landaver*, 527 F.3d at 802.  "[T]he threat . . . must be 'present, immediate, or

17  impending.'" *Id.*  But it "may be express or implied, so long as it is an immediate threat as

18  distinguished from generalized fear."  *United States v. Navarro*, 608 F.3d 529, 534 (9th Cir.

19  2010).  District courts have evaluated threats in domestic abuse relationships and found that

20  evidence of past violence alongside general threats may suffice to show a present threat.  *See*

21  *United States v. Haischer*, No. 11-00267, 2012 U.S. Dist. LEXIS 159722, at *7–8 (D. Nev. Nov.

22  6, 2012); *see also United States v. Ceballos*, 593 F. Supp. 2d 1054, 1061 & n.7 (S.D. Iowa 2009).

23  Here, Santangelo will testify Roy progressed from emotional manipulation in the form of

24  threatening to leave Santangelo "penniless," to beatings, and finally to threats to leave "her on the

25  side of the road with no money or phone in nothing but her bra and panties."  Opp'n at 3.  This

26  evidence of threats of abuse following actual abuse, if heard and believed by the jury, could

27  establish the first element.

28  /////

3

1    Second, Santangelo must establish she had a well-grounded fear that Roy would carry out

2    his threats.  In assessing whether the defendant had a "well-grounded fear," a court should

3    evaluate the threats from the "perspective of an individual who has suffered the defendant's prior

4    domestic abuse." *Ceballos*, 593 F. Supp. 2d at 1061.  "Remarks or gestures that may seem

5    harmless to the average observer might be reasonably understood to presage imminent and severe

6    violence when viewed against the backdrop of the batterer's particular pattern of violence."

7    *United States v. Lopez*, 913 F.3d 807, 820 (9th Cir. 2019) (evaluating second element in context

8    of woman with battered woman's syndrome).  "[T]he particular nature of an abusive relationship

9    establishes a well grounded threat even if a particular threat on any particular occasion might not

10   ordinarily be enough for a coercion or duress defense." *Haischer*, 2012 U.S. Dist. LEXIS 159722

11   at *7.  Here, the defense expects to be able to elicit testimony from Special Agent Hardie to

12   support its position that Santangelo "had good reason to believe that she will be beaten, assaulted,

13   and left on the street alone with no resources or place to go." Opp'n at 7.  Special Agent Hardie

14   has testified in the past that pimps use "psychological manipulation" to commandeer "bottom

15   girls"[1] such as Santangelo to do the pimp's bidding.  *Id.*  Defense's proffer of the defendant's own

16   testimony regarding Roy's prior abuse, and Agent Hardie's expert opinions explaining how

17   Santangelo could have had a well-grounded fear, is sufficient at this stage to support the second

18   element of a duress defense.

19   Lastly, Santangelo must demonstrate she could not reasonably have escaped Roy.  The

20   relevant context is defendant's position in an abusive relationship.  *See Lopez*, 913 F.3d at 813–

21   14, 820, 822.  Expert testimony may help explain how "an otherwise reasonable-sounding

22   opportunity" to escape from commission of a crime is in fact unreasonable.  *See id.* at 820.  Here,

23   the defense expects to elicit testimony from Special Agent Hardie that pimps manipulate their

24   victims by instilling a fear of law enforcement.  *See* Opp'n at 6.  This could show "Roy had

---

[1] A "bottom girl" is "a pimp's most senior prostitute, who often trains new prostitutes and collects their earnings until they can be trusted." *United States v. Brooks*, 610 F.3d 1186, 1196 (9th Cir. 2010).  Defense's portrayal of Santangelo as a bottom girl undercuts the government's argument that the defense has insufficiently tied Roy's threats to the current criminal charge, given that an inference could be drawn that Roy's abuse led Santangelo to do his bidding on all fronts by prostituting herself and others.  *See* Reply at 2–3; Opp'n at 3.

1   manipulated [Santangelo] to the point that she could not reasonably escape," *id.* at 7, given her

2   mindset.  The government argues that even if Agent Hardie testifies as the defense expects, there

3   still will be no evidence that "this pimp manipulated or abused this prostitute."  Reply at 2–3

4   (emphasis omitted).  But when Santangelo's other proffered testimony is considered together with

5   Agent Hardie's opinions, whether the totality of the record supports the third duress element

6   depends on the drawing of possible inferences and assessments of witness credibility, a function

7   for the jury as "the ultimate factfinders," not the court.  *Kuok*, 671 F.3d at 950.

8       Santangelo has satisfied her burden to present prima facie evidence of duress.  Of course,

9   "the ultimate factfinders may or may not accept [her] story, but [she] has alleged facts sufficient

10  to present [her] defense to the jury."  *Kuok*, 671 F.3d at 950.  The court denies the government's

11  *motion in limine*.  Counsel may proceed in making the case during the trial for a duress defense

12  and may alert the jury to his plan to do so in opening statement.  *See id.* at 935, 947–50.

13  **IV.   CONCLUSION**

14      The government's first motion *in limine* is **denied.**

15      This order resolves ECF No. 84.

16      IT IS SO ORDERED.

17  DATED:  July 21, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

5