UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:19-cr-00125 KJM |
| Plaintiff, | |
| v. | FINAL JURY INSTRUCTIONS |
| DAWNIEL SANTANGELO, | |
| Defendant. | |

DATED:   August 16, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

1

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The Indictment is not evidence.  Ms. Santangelo has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 3

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 4

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

INSTRUCTION NO. 5

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 6

You have heard testimony from Sareya S., a witness who received immunity.  The testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witness.  For this reason, in evaluating the testimony of Sareya S., you should consider the extent to which or whether her testimony may have been influenced by this factor.  In addition, you should examine the testimony of Sareya S. with greater caution than that of other witnesses.

INSTRUCTION NO. 7

You have heard testimony of a witness who testified in the Hindi language.  Witnesses who do not speak English or are more proficient in another language testify through an official interpreter.  Although some of you may know the Hindi language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.

You must disregard any different meaning.  You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

INSTRUCTION NO. 8

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 9

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 10

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness.

2.      The exhibits which are received into evidence.

3.      Any facts to which the parties have agreed.

INSTRUCTION NO. 11

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 12

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you could find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 13

The indictment charges that the offense alleged in Counts One through Five were committed "in or around" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

INSTRUCTION NO. 14

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 15

You have heard testimony that the defendant made certain statements.  It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give each of them.  In making those decisions, you should consider all the evidence about the statements, including the circumstances under which the defendant may have made each one.

INSTRUCTION NO. 16

You have heard testimony from a person, Special Agent Hardie, who because of education or experience, was permitted to state opinions and the reasons for his opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinions, and all the other evidence in the case.

1

INSTRUCTION NO. 17

2          You have heard testimony from persons who testified to both facts and opinions and the

3    reasons for their opinions.

4          Fact testimony is based on what the witnesses saw, heard or did.  Opinion testimony is

5    based on the education or experience of the witnesses.

6          As to the testimony about facts, it is your job to decide which testimony to believe and

7    which testimony not to believe.  You may believe everything a witness says, or part of it, or none

8    of it.  Take into account the factors discussed earlier in these instructions that were provided to

9    assist you in weighing the credibility of witnesses.

10          As to the testimony about the witnesses' opinions, this opinion testimony is allowed

11   because of the education or experience of these witnesses.  Opinion testimony should be judged

12   like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as

13   much weight as you think it deserves, considering the witnesses' education and experience, the

14   reasons given for the opinion, and all the other evidence in the case.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 18

Ms. Santangelo is charged in Count One of the superseding indictment with Conspiracy to Engage in Sex Trafficking of a Child, to wit Sareya S., Madilynn (Maddie) G., and Selena N., in violation of section 1594(c) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between in or around September 2018, and continuing through in or around June 2019, there was an agreement between two or more persons to commit the crime of Sex Trafficking of a Child, to wit Sareya S., Madilynn ("Maddie") G., and Selena N.; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit the crime of Sex Trafficking a Child as alleged in Counts Two through Four of the Superseding Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some

/////

/////

19

object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1                                              INSTRUCTION NO. 19

2          Ms. Santangelo is charged in Count Two of the superseding indictment with Sex

3 Trafficking of a Child, Sareya S., in violation of Section 1591(a)(1) and Section 1591(b)(2) of

4 Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the

5 government must prove each of the following elements beyond a reasonable doubt:

6          First, between in or around September 2018, and continuing through in or around

7 November 2018, the defendant knowingly recruited, enticed, harbored, transported, provided,

8 obtained, or maintained Sareya S. to engage in a commercial sex act;

9          Second, the defendant knew or recklessly disregarded the fact that Sareya S. had not

10 attained the age of 18 years and would be caused to engage in a commercial sex act, or the

11 defendant had a reasonable opportunity to observe Sareya S. and knew she would be caused to

12 engage in a commercial sex act; and

13          Third, the defendant's acts were in or affecting interstate commerce.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

INSTRUCTION NO. 20

2

Ms. Santangelo is charged in Count Three of the superseding indictment with Sex

3

Trafficking of a Child, Madilynn ("Maddie") G., in violation of Section 1591(a)(1) and Section

4

1591(b)(2) of Title 18 of the United States Code.  For the defendant to be found guilty of that

5

charge, the government must prove each of the following elements beyond a reasonable doubt:

6

First, between in or around September 2018, and continuing through in or around

7

November 2018, the defendant knowingly recruited, enticed, harbored, transported, provided,

8

obtained, or maintained Madilynn ("Maddie") G. to engage in a commercial sex act;

9

Second, the defendant knew or recklessly disregarded the fact that Madilynn ("Maddie")

10

G. had not attained the age of 18 years and would be caused to engage in a commercial sex act, or

11

the defendant had a reasonable opportunity to observe Madilynn ("Maddie") G. and knew she

12

would be caused to engage in a commercial sex act; and

13

Third, the defendant's acts were in or affecting interstate commerce.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          INSTRUCTION NO. 21

2     Ms. Santangelo is charged in Count Four of the superseding indictment with Sex

3 Trafficking of a Child, Selena N., in violation of Section 1591(a)(1) and Section 1591(b)(2) of

4 Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the

5 government must prove each of the following elements beyond a reasonable doubt:

6     First, in or around May 2019, the defendant knowingly recruited, enticed, harbored,

7 transported, provided, obtained, or maintained Selena N. to engage in a commercial sex act;

8     Second, the defendant knew or recklessly disregarded the fact that Selena N. had not

9 attained the age of 18 years and would be caused to engage in a commercial sex act, or the

10 defendant had a reasonable opportunity to observe Selena N. and knew she would be caused to

11 engage in a commercial sex act; and

12     Third, the defendant's acts were in or affecting interstate commerce.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 22

In considering the offenses alleged in Counts Two through Four of the Superseding Indictment, you must consider the following definitions.

The words "recruit," "entice," "harbor," "transport," "provide," "obtain," and "maintain" have their ordinary meanings.

The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person. The government does not have to prove that any person actually engaged in a commercial sex act to prove Counts Two through Four.

INSTRUCTION NO. 23

In determining whether the offenses alleged in Counts Two through Four of the Superseding Indictment were "in or affecting" interstate commerce, you must consider the following instruction.

"Interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state, or between two points within a state through a place outside the state.

Acts and transaction that are economic in nature and cross state lines are "in" interstate commerce.

Acts and transactions that are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal, "affect" interstate commerce.

The government need not prove that the offense was both "in" and "affecting" interstate commerce.  It need only prove one or the other.

It is not necessary for the government to prove that the defendant knew or intended that her conduct would affect commerce.

In determining whether the defendant's conduct was "in" or "affecting interstate commerce," you may consider, for Counts Two through Four, whether the defendant used a means or facilities of interstate commerce, such as telephones, the internet, cellular telephones, or motels that serviced interstate travelers.

25

1

INSTRUCTION NO. 24

2

Ms. Santangelo is charged in Count Five of the Superseding Indictment with

3

Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, Selena N., with

4

intent that she engage in prostitution in violation of Section 2423(a) of Title 18 of the United

5

States Code.  In order for the defendant to be found guilty of that charge, the government must

6

prove each of the following beyond a reasonable doubt:

7

First, in or around May 2019, the defendant knowingly transported Selena N. from

8

California to Oregon;

9

Second, the defendant did so with the intent that Selena N. engage in prostitution; and

10

Third, Selena N. was under the age of eighteen years at the time.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 25

A defendant may be found guilty of Sex Trafficking of a Child as charged in Counts Two through Four of the superseding indictment, and Transportation of a Minor with Intent to Engage in Criminal Sexual Activity as charged in Count Five of the superseding indictment, even if the defendant personally did not commit the act or acts constituting each crime but aided and abetted in each crime's commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of a count of Sex Trafficking of a Child or Transportation of a Minor with Intent to Engage in Criminal Sexual Activity by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the crime of Sex Trafficking of a Child as charged in Counts 2 through 4, or Transportation of a Minor with Intent to Engage in Criminal Sexual Activity as charged in Count 5;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

27

INSTRUCTION NO. 26

In considering the offenses alleged in Counts One through Five, you must consider the following.

An act is done knowingly if the person is aware of the act and does not act through ignorance, mistake, or accident.  Here, the government is not required to prove that the defendant knew that her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 27

A minor's willingness to engage in sexual activity is not a defense to any of the counts in the Superseding Indictment.

1          INSTRUCTION NO. 28

2          The defendant contends she acted under duress and/or coercion at the time of the crime

3  charged.  Duress and/or coercion legally excuses each crime defendant is charged with, if she

4  establishes duress and/or coercion as to that charged crime.

5          The defendant must prove duress and/or coercion by a preponderance of the evidence for

6  each charge. A preponderance of the evidence means that you must be persuaded that the things

7  the defendant seeks to prove are more probably true than not true. This is a lesser burden of proof

8  than the government's burden to prove beyond a reasonable doubt each element of the charges.

9          A defendant acts under duress and/or coercion only if at the time of the crime charged:

10          1. there was a present, immediate, or impending threat of death or serious bodily injury to

11  the defendant if the defendant did not commit or in the case of conspiracy participate in the

12  commission of the crime;

13          2. the defendant had a well-grounded fear that the threat of death or serious bodily injury

14  would be carried out; and

15          3. the defendant had no reasonable opportunity to escape the threatened harm.

16          If you find that each of these things has been proved by a preponderance of the evidence

17  with respect to a charge you must find the defendant not guilty of that charge.

18

19

20

21

22

23

24

25

26

27

28

1          INSTRUCTION NO. 29

2          When you begin your deliberations, elect one member of the jury as your presiding juror

3    who will preside over the deliberations and speak for you here in court.

4          You will then discuss the case with your fellow jurors to reach agreement if you can do

5    so.  Your verdict, whether guilty or not guilty, must be unanimous.

6          Each of you must decide the case for yourself, but you should do so only after you have

7    considered all the evidence, discussed it fully with the other jurors, and listened to the views of

8    your fellow jurors.

9          Do not be afraid to change your opinion if the discussion persuades you that you should.

10   But do not come to a decision simply because other jurors think it is right.

11         It is important that you attempt to reach a unanimous verdict but, of course, only if each of

12   you can do so after having made your own conscientious decision. Do not change an honest belief

13   about the weight and effect of the evidence simply to reach a verdict.

14         Perform these duties fairly and impartially.  Do not allow personal likes or dislikes,

15   sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced

16   by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender

17   identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by

18   personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including

19   unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may

20   consciously reject but may be expressed without conscious awareness, control, or intention.

21         It is your duty as jurors to consult with one another and to deliberate with one another

22   with a view towards reaching an agreement if you can do so.  During your deliberations, you

23   should not hesitate to reexamine your own views and change your opinion if you become

24   persuaded that it is wrong.

25

26

27

28
          31

1    INSTRUCTION NO. 30

2    Because you must base your verdict only on the evidence received in the case and on

3  these instructions, I remind you that you must not be exposed to any other information about the

4  case or to the issues it involves. Except for discussing the case with your fellow jurors during

5  your deliberations:

6    Do not communicate with anyone in any way and do not let anyone else communicate

7  with you in any way about the merits of the case or anything to do with it.  This restriction

8  includes discussing the case in person, in writing, by phone, tablet, computer, or any other means,

9  via email, text messaging, or any Internet chat room, blog, website or any other forms of social

10  media.  This restriction applies to communicating with your family members, your employer, the

11  media or press, and the people involved in the trial.  If you are asked or approached in any way

12  about your jury service or anything about this case, you must respond that you have been ordered

13  not to discuss the matter and to report the contact to the court.

14    Do not read, watch, or listen to any news or media accounts or commentary about the case

15  or anything to do with it; do not do any research, such as consulting dictionaries, searching the

16  Internet or using other reference materials; and do not make any investigation or in any other way

17  try to learn about the case on your own.

18    The law requires these restrictions to ensure the parties have a fair trial based on the same

19  evidence that each party has had an opportunity to address. A juror who violates these restrictions

20  jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information,

21  please notify the court immediately.

22

23

24

25

26

27

28

INSTRUCTION NO. 31

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 32

  The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 33

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with me, you may send a note through the security officer, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.