BARRY MORRIS, SBN #48368
Attorney at Law
1407 Oakland Blvd. #200
Walnut Creek, CA 94596
(925) 934-1100
fax: (925) 934-1122
*barrymorris@mac.com*

Attorney for Defendant/Appellant
DAWNIEL SANTANGELO

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-CR-00125-KJM |
| Plaintiff, | |
| v. | |
| DAWNIEL SANTANGELO, | |
| _____ Defendant./ | |

**Request for Appointment of Counsel to Represent Dawniel Santangelo in a Motion Pursuant to 28 U.S.C. §2255**

Defendant DAWNIEL SANTANGELO hereby requests, by and through her attorney, BARRY L. MORRIS, Attorney at Law, that this Court appoint Mr. Morris to represent her in a Motion for relief pursuant to 28 U.S.C. §2255. Mr. Morris currently represents Ms. Santangelo, pursuant to appointment by this Court, in her appeal from her conviction in the above-entitled case. The conviction has been affirmed on appeal.

This motion is based upon the moving papers, the attached points and authorities, the attached exhibits, the declaration of Barry L. Morris, and such further argument and evidence as may be presented at the hearing on this motion.

Dated: June 19, 2024

/s/ Barry L. Morris
BARRY L. MORRIS
Attorney for Defendant
DAWNIEL SANTANGELO

**This Court has the Discretion to Appoint Counsel to Represent an Indigent Defendant Who Seeks to File a Motion under 28 USC §2255**

Section 3006A(2) of Title 18 provides, in pertinent part that "[w]henever…the court determines that the interests of justice so require, representation may be provided for any financially eligible person who…(B) is seeking relief under section 2241, 2254, or 2255 of title 28." Present counsel was appointed to represent Ms. Santangelo on her direct appeal and now requests that he be appointed to represent her in her motion made pursuant to 28 USC §2255. She is still financially eligible.

I.

**There is a Prima Face Case of Ineffective Assistance of Counsel at the Sentencing of Ms. Santangelo and she was Prejudiced by that Ineffective Assistance**

Given that this Court presided over Ms. Santangelo's trial, counsel will not belabor this motion with a detailed discussion of the evidence presented. Suffice it to say that Ms. Santangelo was convicted of one count of a violation of 18 USC §1549 (Conspiracy to Engage in Sex Trafficking of a Child), 3 counts

of 18 USC §§1591(a)(1) and 1591 (b)(2) (Sex trafficking of a Child), and one count of a violation of 18 USC §2433(a), (Transportation of a Minor with Intent to Engage in Sexual Activity).

Ms. Santangelo was sentenced to 211 months imprisonment.

At the time of sentencing, the court took notice of the extraordinarily perverse parenting by Ms. Santanelo's parents who pimped her out to cover her father's drug debts, commenting, however, that

> "the government has pointed to the absence of verification of Ms. Santangelo's narrative about what happened to her, but the Court does not, as it indicated, completely discredit it. It is consistent enough and does not appear to be manufactured." ." (8/29/2022 RT 32-33.)

Most importantly, the Court expressed "frustrat[ion with] *the lack of development of the record with respect to Ms. Santangelo in particular*. The reports the defense points to are fair reports. *It would have allowed the Court to fully credit Ms. Santangelo's narrative* if an expert, for example, had examined her and opined, and I'm just not seeing that. I'm not even seeing a CASH intake form that provided some of kind of independent evaluation of what all was going on with Ms. Santangelo." (*Ibid.*)  (emphasis added)

Ms. Santangelo's appointed attorney applied for and received court authorization of a substantial amount of funds to have Ms. Santangelo evaluated by an expert (Exhibit A); most egregiously, it appears that he did nothing with it, despite having the necessary funds fully authorized.

## II.

**Present Counsel Requests that the Authorization of Expert Funding be Continued for the Purposes of Preparing the §2255 Motion**

3

In his request for expert funding, trial counsel gave a cogent explanation of the need for funding. Why he did not use those funds to have Ms. Santangelo evaluated is a mystery. He did not even file a Notice of Appeal after Ms. Santangelo was sentenced. Moreover, any assertion that the lack of action by trial counsel once he had the funds was some sort of trial tactic will founder on the shores of controlling Supreme Court precedent. (*Wiggins v. Smith*, 539 U. S. 510, 528 (2003). "'[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" (*Id.* 539 U. S. at 528, quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984).). Simply put, there can be no conceivable justification for trial counsel's failure to use the court-allocated funds to have Ms. Santangelo evaluated by an expert; his failure to use those allocated and available funds was not an acceptable trial tactic because the decision to forego an expert evaluation was not based on a reasonable investigation of facts relevant to making that decision. (*Wiggins, supra,* 539 U.S. at 536.)

Dated: June 21, 2024

/s/ Barry L. Morris
BARRY L. MORRIS
Attorney for Defendant
DAWNIEL SANTANGELO

## ORDER

GOOD CAUSE APPEARING THEREFOR, it is hereby ordered that BARRY L. MORRIS, who presently represents Ms. Santangelo pursuant to a CJA appointment on direct appeal, be appointed to file and litigate a motion made pursuant to 28 USC §2255. The expert funds previously approved shall be available to appointed counsel for use in the §2255 motion.

Dated: August 6, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE