ERIC GRANT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>DAWNIEL SANTANGELO,<br><br>                Defendant. | CASE NO.  2:19-CR-00125 DAD<br><br>UNOPPOSED MOTION AND PROTECTIVE ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND COMPELLING ATTORNEY MICHAEL CHASTAINE AND HIS DEFENSE TEAM TO PROVIDE DISCOVERY |

**<u>MOTION</u>**

The government moves for an order (1) finding that Dawniel Santangelo has waived her attorney-client privilege with respect to the matters raised in her pending motion filed under 28 U.S.C. § 2255, and (2) compelling attorney Michael Chastaine and his defense team to provide discovery subject to the waiver of privilege.  The parties have conferred, and this motion is unopposed.

**A.  Factual Background**

Santangelo is a federal prisoner who has moved under 28 U.S.C. § 2255 to vacate or set aside her sentence.  ECF 200.  Santangelo challenges her sentence, claiming, in sum, that her trial counsel, Michael Chastaine, rendered ineffective assistance for failing to call an expert to testify at her sentencing hearing.  *Id*.  Specifically, Santangelo alleges that her trial counsel sought and received funding to hire an expert, but did not actually hire an expert because none of the experts he contacted would interview

MOTION AND PROTECTIVE ORDER

1

the defendant in custody because of the risks surrounding the COVID-19 pandemic. *Id.* at 8-9. She claims that defense counsel was ineffective for failing to arrange such a meeting via "Zoom or other telecommunication services" and by failing to request assistance from the Court or U.S. Marshall in setting up such an interview. *Id.*

**B. The Court Should Find the Privilege has been Waived and Compel Former Counsel to Provide Information and Testimony**

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). A defendant implicitly waives attorney-client privilege where she makes claims "the opposing party cannot adequately dispute unless it has access to the privileged materials." *Id* at 719. This doctrine is rooted in principles of fairness. If a defendant wishes to litigate a claim involving privileged materials, she must waive privilege to the extent necessary to give the government the fair opportunity to defend against the claim. *Id* at 720. Under *Bittaker*, the Court "must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* at 720. The scope of the waiver must be "closely tailored" to the "needs of the opposing party in litigating the claim in question." *Id.* The defendant may preserve the confidentiality of privileged communications by choosing to abandon the claim that gives rise to the waiver condition. *Id*. at 721.

Santangelo has placed the nature of her attorney-client relationship at issue by claiming prior counsel failed to take the required steps to ensure the best possible sentence. Specifically, she claims that trial counsel unreasonable failed to secure the testimony of an expert at sentencing to opine on the effects of Santangelo's difficult upbringing. Indeed, Santangelo speculates about the testimony she expects defense counsel will provide in response to her claims of ineffective assistance. ECF 200 at 8. She has thus conceded the waiver of attorney client related to her sentencing proceedings. *See Bittaker*, 331 F.3d at 716.

The government cannot respond to the defendant's allegations without discovery from Attorney Michael Chastaine and his defense team. For these reasons, the government requests the Court enter an order finding that the defendant has waived the attorney-client privilege as to all communications and

information related to her sentencing and compelling Attorney Michael Chastaine to provide such information and testimony upon request.

Respectfully submitted,

Dated:  February 25, 2026

ERIC GRANT
United States Attorney

By:  /s/ Cameron L. Desmond
CAMERON L. DESMOND
Assistant United States Attorney

**PROTECTIVE ORDER**

Good cause showing, and based on the record before the Court, the Court hereby FINDS that defendant Dawniel Santangelo, through the claims of ineffective assistance of counsel made in her pending motion under 28 U.S.C. § 2255, has waived the attorney-client privilege with respect to any discussions she had with her attorney, Michael Chastaine, and his defense investigators, including any advice or strategy, concerning the allegation that counsel provided ineffective assistance by failing to call an expert witness at sentencing.

The Court further FINDS that the government is permitted to take discovery related to these allegations from the defendant's former counsel, Michael Chastaine, and any member of the defense team who communicated with the defendant about the foregoing allegations in order to respond to the defendant's claims of ineffective assistance of counsel.

Accordingly, IT IS HEREBY ORDERED THAT attorney Michael Chastaine and any member of the defense team who communicated with the defendant with respect to the foregoing allegations shall provide, within twenty-one (21) days of this Order, the government and current counsel for the defendant copies of all notes, documents, records, or other evidence related to the allegations identified above.  To the extent that the documents contain privileged information on other matters not delineated above, the aforementioned attorney can redact that information.

IT IS FURTHER ORDERED THAT attorney Michael Chastaine and any member of the defense team who communicated with the defendant about the foregoing allegations shall make themselves available for joint interviews within twenty-one (21) days of this Order to answer any questions posed by the government and/or the defendant's current counsel regarding the allegations discussed above. The aforementioned individuals, if called by either party, shall also testify in Court to answer any questions posed by the government and/or the defendant's current counsel regarding the allegations discussed above.

IT IS FURTHER ORDERED THAT the government shall limit its use of the documents, the information contained therein, and any information gathered from the interviews of Mr. Chastaine or members of the defense team to rebuttal of the defendant's § 2255 claims.

/ / /

MOTION AND PROTECTIVE ORDER

4

IT IS FURTHER ORDERED THAT the government shall not use the documents, the information contained therein, or any information gathered from the interviews of Mr. Chastaine or members of the defense team against petitioner in any manner during any future proceeding, including any possible retrial; and the government shall treat the documents, the information contained therein, and any information gathered from the interviews of Mr. Chastaine or members of the defense team as confidential and shall not disseminate or disclose any information, documents, or the content of any documents obtained pursuant to this Order other than in the course of its litigation of this § 2255 proceeding.

IT IS SO ORDERED.

Dated:   **February 25, 2026**                        _____
                                                                      DALE A. DROZD
                                                                      UNITED STATES DISTRICT JUDGE

MOTION AND PROTECTIVE ORDER                          5